**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WHIRLPOOL CORP., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC.; <br> LG ELECTRONICS USA, INC., <br><br> Defendants. | Civil Action No. 2:25-cv-1136 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Whirlpool Corp. ("Whirlpool" or "Plaintiff") brings this Complaint against Defendants LG Electronics, Inc. and LG Electronics USA, Inc. (collectively, "LG" or "Defendants"), alleging as follows:

## NATURE OF ACTION

1.      As alleged below, this is an action for patent infringement based on LG's unlawful use of Whirlpool's patents directed to low-profile microwave hood combination products. LG copied Whirlpool's award-winning design, and its misconduct has caused Whirlpool significant damage and irreparable harm.

## THE PARTIES

2.      Plaintiff Whirlpool Corp. is a Delaware corporation having its principal place of business located at 2000 North M-63, Benton Harbor, Michigan, 49022.

3.      Defendant LG Electronics, Inc. ("LGE") is a Korean corporation having its principal place of business located at LG Twin Tower, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul, Korea, 07336.

4.      Defendant LG Electronics USA, Inc. ("LGUSA") is a Delaware corporation having its principal place of business located at 111 Sylvan Avenue Englewood Cliffs, New Jersey, 07632. On information and belief, LGUSA is a wholly owned subsidiary of LGE.

## JURISDICTION AND VENUE

5.      This is a civil action for patent infringement under 35 U.S.C. § 271 *et seq.*

6.      This Court has subject matter jurisdiction over this action under the laws of the United States, 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has general personal jurisdiction over LG because LG is engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over LG because LG has committed acts giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over LG in this Court would not offend traditional notions of fair play and substantial justice. LG has also placed infringing products into the stream of commerce by shipping those products into the Eastern District of Texas ("this District") or knowing that the products would be shipped there.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)–(c) and 1400(b) for LGE, a Korean company, because suits against foreign entities are proper in any judicial district.

9.      Venue is proper as to LGUSA because LGUSA has a regular and established place of business and has committed acts of patent infringement within this District. LGUSA has multiple facilities in Texas, including at least one within this District, at least at 14901 North Beach Street, Fort Worth, Texas 76177;[1] 2153 Eagle Parkway, Fort Worth, Texas 76177;[2] and 2155 Eagle

---

[1] https://taxweb.dentoncounty.gov/Accounts/AccountDetails?TaxAccountNumber=657779DEN.

[2] https://www.tdlr.texas.gov/TABS/Search/Print/TABS2023022543.

Parkway, Fort Worth, Texas 76177.[3] LGUSA is registered to do business in the State of Texas under Tax Identification No. 11329503111, and has previously admitted that it leases property in Fort Worth and pays taxes on that property.[4] LGUSA's website also connects users to authorized LG dealers within this District.[5] And LGUSA has recently and publicly espoused its "commitment to the [Fort Worth] region as an innovation and manufacturing hub" and has further marketed its "longtime presence as a corporate citizen in Fort Worth, where its million-square-foot distribution center for consumer electronics and home appliances has been located for three decades."[6]

10.     Moreover, LG has not contested venue in multiple patent infringement actions within this District and before this Court. *See, e.g.*, *Multimedia Technologies Pte. Ltd. v. LG Electronics Inc. and LG Electronics USA, Inc.*, No. 2:22-cv-494, Dkt. 69 at ¶ 13–14 (E.D. Tex. April 11, 2024); *Arigna Tech. Ltd. v. LG Electronics Inc. and LG Electronics USA, Inc.*, No. 2:21-cv-00377, Dkt. 24 at ¶ 13–14 (E.D. Tex. Jan. 26, 2022); *Cellular Commc'ns Equip. LLC v. AT&T et al.*, No. 2:15-cv-00576, Dkt. 107 at ¶ 17 (E.D. Tex. Dec. 2, 2015).

11.     On information and belief, LGE and LGUSA coordinate with respect to the development, marketing, sale, importation and/or distribution of LG products. On information and belief, LGE and LGUSA are agents of one another and/or operate in concert as integrated parts of

---

[3] *Id.*

[4] *Multimedia Technologies Pte. Ltd. v. LG Electronics Inc. and LG Electronics USA, Inc.*, No. 2:22-cv-494, Dkt. 69 at ¶ 8 (E.D. Tex. April 11, 2024).

[5] https://www.lg.com/us/business/builder/findadealer.

[6] Press Release, LG Electronics USA Business Solutions Division (Jan. 12, 2024), https://www.lg.com/us/business/press-release/lg-opens-first-us-factory-to-produce-advanced-ev-chargers ("The new factory, which uses 100 percent green power, builds on LG's longtime presence as a corporate citizen in Fort Worth, where its million-square-foot distribution center for consumer electronics and home appliances has been located for three decades. This latest investment in Fort Worth by LG Electronics will bring dozens of new tech jobs to North Texas and reinforces LG's commitment to the region as an innovation and manufacturing hub of the future.").

the same business group and enter into agreements with each other that are nearer than arm's length. Upon information and belief, LGUSA acts at the direction, and for the benefit, of LGE, and is controlled and/or dominated by LGE. Upon information and belief, LGE and LGUSA work collaboratively and in concert either directly or indirectly through one or more of their wholly owned subsidiaries with respect to the manufacturing, marketing, sale, and distribution of LG products, including the Accused Products, throughout the United States, including in this District.

## **FACTUAL BACKGROUND**

**Whirlpool's Background**

12.     Whirlpool is a leading home appliance company dedicated to improving customers' quality of life at home through efficient, reliable, and innovative appliances.[7] As the only major manufacturer of kitchen and laundry appliances based in the United States, nearly 90% of Whirlpool's 2024 sales occurred in the Americas.[8]

13.     Among its areas of specialty, Whirlpool designs and manufactures kitchen appliances, including low-profile microwave hood combination products ("LP-MHCs"). LP-MHCs are designed to fit into the undercabinet hood space above a cooking range, providing a two-in-one kitchen appliance that cooks and provides ventilation.[9] Compared to their traditional counterparts, LP-MHCs have significantly scaled down overall vertical dimensions, allowing their installation in areas that previously could only accommodate a standalone ventilation hood.[10] The benefit of this compact design is preserved through a LP-MHC's robust air circulation of byproducts produced when using the cooking range below (e.g., smoke or grease). An LP-MHC's

---

[7] *See* https://ar.whirlpoolcorp.com/whirlpool-at-a-glance/.

[8] *Id.*

[9] https://www.whirlpool.com/blog/kitchen/what-is-a-low-profile-microwave.html.

[10] *See* Exhibit B (U.S. Patent No. 12,289,819) at 1:38-58; 4:40-60.

space-saving properties save countertop space without sacrificing performance, providing users with an efficient and innovative dual-function kitchen appliance.

14.    The below images show certain of the components for an exemplary Whirlpool LP-MHC (Model No. WMML5530RZ):







15.     Whirlpool's LP-MHCs created a new, first-to-market category of MHCs, which had a significant impact on the cooking appliance industry and has enjoyed enormous commercial success. Whirlpool's creation of the LP-MHC product category was publicized in the industry and earned Whirlpool a 2019 iF Design Award.[11]

16.     Whirlpool has also been awarded numerous patents for its innovative LP-MHCs, including the patents identified herein. Whirlpool's products practice the claims of those patents.

**Accused Products and Activities**

17.     Commercial success and patenting are often accompanied by copying from competitors. That is the case here. Indeed, subsequent to Whirlpool's product launch, LG launched a line of copycat products that practice the Asserted Patents. LG's website even references the "low profile" design of LP-MHCs, a term coined by Whirlpool after conducting market research:[12]

---

[11] https://www.prnewswire.com/news-releases/whirlpool-corporations-innovative-design-wins-big-at-if-design-awards-300813555.html.

[12] https://www.lg.com/us/cooking-appliances/lg-mvef1337f-over-the-range-microwave.



18.    LG's infringing products include at least the following Stock Keeping Units ("SKUs"): (i) MVEF1323F and MVEF1323SS (collectively, the "Type A Accused Products") and (ii) MVEF1337F and MVEF1337SS (collectively, the "Type B Accused Products," and together with the Type A Accused Products, the "Accused Products").

19.    The below images show certain of the components for an exemplary Type A Accused Product (SKU No. MVEF1323F), which constitutes an LP-MHC.







20.    The below images show certain of the components for an exemplary Type B

Accused Product (SKU No. MVEF1337F), which constitutes an LP-MHC.







## THE ASSERTED PATENTS

21.    On October 29, 2024, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 12,133,317 ("the '317 patent"), titled "Combination Microwave and Hood System." The '317 patent lists the following individuals as inventors: Owen (XunCai) Zhang, Michael A. Ledford, Stephen Zheng, and Xiangxu Liu. The '317 patent is valid and enforceable. A copy of the '317 patent is attached as Exhibit A. Whirlpool is the owner of the '317 patent by written assignment. Whirlpool thus has standing to bring suit for infringement of the '317 patent. The Type B Accused Products are accused of infringing the '317 patent.

22.    On April 29, 2025, the PTO issued United States Patent No. 12,289,819 B2 ("the '819 patent"), titled "Combination Microwave and Hood System." The '819 patent lists the following individuals as inventors: Owen (XunCai) Zhang, Michael A. Ledford, Stephen Zheng, and Xiangxu Liu. The '819 patent is valid and enforceable. A copy of the '819 patent is attached as Exhibit B. Whirlpool is the owner of the '819 patent by written assignment. Whirlpool thus has

standing to bring suit for infringement of the '819 patent. The Type A and Type B Accused Products are accused of infringing the '819 patent.

23.    Whirlpool has complied with the marking requirements under 35 U.S.C. § 287 such that Whirlpool is entitled to collect past damages for infringement of the Asserted Patents. Whirlpool's LP-MHCs practice the Asserted Patents, and Whirlpool's practicing products have been marked with the Asserted Patent numbers.

## COUNT I

### (Infringement of U.S. Patent No. 12,133,317)

24.    Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–23 of this Complaint.

25.    Upon information and belief, LG makes, uses, imports, offers for sale, and/or sells in the United States the Type B Accused Products that directly infringe at least claims 1-6 and 8 of the '317 patent, under 35 U.S.C. § 271(a).

26.    By way of non-limiting example, Exhibit C, submitted herewith, is a claim chart showing how the Type B Accused Products directly infringe asserted independent claim 1 of the '317 patent.

27.    Upon information and belief, LG currently actively induces and has induced infringement of the '317 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

28.    For example, LG actively promotes the sale, use, and importation of the Type B Accused Products in marketing materials, product manuals, and web pages on its website,[13] and

---

[13] *See, e.g.*, https://www.lg.com/us/cooking-appliances/lg-mvef1337f-over-the-range-microwave (web page for MVEF1337F) (last visited Aug. 7, 2025); https://www.lg.com/us/support/produ

through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Type B Accused Products.

29.    Upon information and belief, LG has had knowledge of the '317 patent and that the Accused Products infringe the asserted claims of the '317 patent and learned of this at least from the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided LG with a copy of the Complaint and exhibits to the Complaint. As a result, LG received notice of the '317 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, LG will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce the infringement of the '317 patent.

30.    Upon information and belief, LG's infringement of the '317 patent has been and continues to be willful.

31.    Upon information and belief, LG knew of the '317 patent or was willfully blind to its existence.

32.    LG's infringement of the '317 patent has been without permission, consent, authorization, or license from Whirlpool.

33.    As a result of LG's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, LG's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

---

ct/lg-MVEF1337F.BRSELGA (product manuals for MVEF1337F) (last visited Aug. 7, 2025); https://www.lg.com/us/microwave-ovens (marketing describing LG microwaves as "innovative") (last visited Aug. 7, 2025).

## COUNT II

### (Infringement of U.S. Patent No. 12,289,819)

34.    Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–33 of this Complaint.

35.    Upon information and belief, LG makes, uses, imports, offers for sale, and/or sells in the United States the Type A and Type B Accused Products that directly infringe at least claims 1-22 and 24-30 of the '819 patent, under 35 U.S.C. § 271(a).

36.    By way of non-limiting example, Exhibits D-E, submitted herewith, are claim charts showing how the Type A and Type B Accused Products directly infringe asserted independent claims 1 and 30 of the '819 patent.

37.    Upon information and belief, LG currently actively induces and has induced infringement of the '819 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

38.    For example, LG actively promotes the sale, use, and importation of the Type A and Type B Accused Products in marketing materials, product manuals, and web pages on its website,[14] and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Type A and Type B Accused Products.

39.    Upon information and belief, LG has had knowledge of the '819 patent and that the Accused Products infringe the asserted claims of the '819 patent and learned of this at least from

---

[14] In addition to the materials cited above, *see, e.g.*, https://www.lg.com/us/cooking-appliances/lg-mvef1323f-over-the-range-microwave (web page for MVEF1323F) (last visited Aug. 7, 2025); https://www.lg.com/us/support/product/lg-MVEF1323F.BRSELGA (product manuals for MVEF1323F) (last visited Aug. 7, 2025).

the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided LG with a copy of the Complaint and exhibits to the Complaint. As a result, LG received notice of the '819 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, LG will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce the infringement of the '819 patent.

40.      Upon information and belief, LG's infringement of the '819 patent has been and continues to be willful.

41.      Upon information and belief, LG knew of the '819 patent or was willfully blind to its existence.

42.      LG's infringement of the '819 patent has been without permission, consent, authorization, or license from Whirlpool.

43.      As a result of LG's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, LG's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A.      Adjudge that LG has infringed and is infringing one or more claims of each of the Asserted Patents, directly and/or indirectly, literally, and/or under the doctrine of equivalents;

B.      Award damages, including past damages, sufficient to compensate Plaintiff for LG's infringement under 35 U.S.C. § 284, including an award of treble damages for willful infringement;

C.      Find this case exceptional under 35 U.S.C. § 285, and award Plaintiff its reasonable attorneys' fees;

D.      Enjoin LG, and all persons in concert or participation with it, from directly or indirectly infringing one or more claims of each of the above Asserted Patents, directly and/or indirectly, literally, and/or under the doctrine of equivalents;

E.      Award Plaintiff its costs and expenses incurred in this action;

F.      Award Plaintiff pre-judgment and post-judgment interest; and,

G.      Grant Plaintiff such further relief as the Court deems just and appropriate.


Dated: November 18, 2025                    By: *s/ Robert T. Vlasis III*

                                            Brian E. Ferguson
                                            Robert T. Vlasis III (Texas Bar No. 24056475)
                                            Winston & Strawn LLP
                                            1901 L Street NW
                                            Washington, DC 20036
                                            202-282-5000
                                            beferguson@winston.com
                                            rvlasis@winston.com

                                            Kurt Mathas
                                            Winston & Strawn LLP
                                            300 N. LaSalle Drive
                                            Chicago, IL 60654
                                            312-558-5600
                                            kmathas@winston.com

                                            Rex Mann
                                            Samuel Riebe
                                            Winston & Strawn LLP
                                            2121 N. Pearl Street, Suite 900
                                            Dallas, TX 75201
                                            214-453-6500
                                            rmann@winston.com
                                            sriebe@winston.com

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable.

Dated: November 18, 2025

By: *s/ Robert T. Vlasis III*

Brian E. Ferguson
Robert T. Vlasis III (Texas Bar No. 24056475)
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
beferguson@winston.com
rvlasis@winston.com

Kurt Mathas
Winston & Strawn LLP
300 N. LaSalle Drive
Chicago, IL 60654
312-558-5600
kmathas@winston.com

Rex Mann
Samuel Riebe
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
214-453-6500
rmann@winston.com
sriebe@winston.com